Irma **OWENS**, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

I. F. P. **CORPORATION** d/b/a Olshine's Credit Clothing Co., et al., Defendants.

Lorine **BANKS**, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

I. F. P. **CORP.** d/b/a Olshine's Credit Clothing Co., et al., Defendants.

Civ. A. Nos. 7912–A, 7913–A.

United States District Court, W. D. Kentucky, Louisville Division.

April 22, 1974.

Charles D. Kaplan, Henry B. Hinton, Jr., Kurt Berggren, Legal Aid Society, Louisville, Ky., for plaintiffs.

Max A. Stoler, Anton B. Dreidel, Boyce F. Martin, Jr., Louisville, Ky., H. M. McTyeire, Asst. Deputy Atty. Gen., Frankfort, Ky., for defendants.

Before LIVELY, Circuit Judge, BRATCHER and ALLEN, District Judges.

LIVELY, Circuit Judge.

This three-judge court has been convened to consider plaintiffs' contention that Rules 3, 4.02 and 4.04 of the Rules of Civil Procedure of the Commonwealth of Kentucky and the civil summons used in the courts of the State violate the Fourteenth Amendment to the Constitution of the United States. They claim that the official Kentucky summons,[1] a copy of which is filed as an appendix hereto, violates due process requirements by failing to give sufficient notice to a defendant of the action against him and the steps he must take to avoid default. They also maintain that Rule 4.04 of the Kentucky Rules of Civil Procedure denies equal protection of the laws by providing that persons served outside the State must be served with a copy of the complaint along with a copy of the summons while only requiring that a copy of the summons be served upon those served within the Commonwealth. It is also contended that the provision of Kentucky Civil Rule 14.01 which requires service of a copy of the complaint along with the summons on a third party defendant is an unconstitutional classification of persons in violation of the equal protection clause. Additional relief in the form of a declaratory judgment and temporary and permanent injunctions was sought in the complaint. The plaintiffs also have requested the court to permit this case to proceed as a class action. We will deal with this request first.

The class which the plaintiffs seek to represent pursuant to Rule 23, Fed.R.Civ.P., is defined by them as "all Kentucky residents who have had or will have default judgments entered against

---

1. The actual summonses served on the plaintiffs were not in the record.

them in the courts of Kentucky because of their failure to file timely written answers as a result of the Constitutional infirmities and inadequacies of the Summons, and/or the failure to serve the Complaint with the Summons." No criteria have been suggested by which the court could accurately determine membership in the proposed class. Many default judgments result from the fact that the defendant simply has no defense. Determination of whether a particular default judgment is entered for this reason or for an alleged failure to give adequate notice necessitates an inquiry into the facts of each case. We therefore hold that a class action such as that which plaintiffs seek to bring may not be maintained under Rule 23(b)(1)(B) since adjudications of individual cases would not "as a practical matter be dispositive of the interest of the other members not parties to the adjudications . . . ." The plaintiffs have also joined the justice and recorder of the First Magisterial Court of Jefferson County, the court in which default judgments were entered against them, as representatives of all state civil court judges and clerks in Kentucky. There is no necessity to have a class of defendants representative of such state officers. If the summons and service provisions of the Civil Rules are unconstitutional it necessarily follows that no state court may enter a default judgment in reliance upon them. An adjudication of unconstitutionality by this court would have statewide effect.

Turning to the due process issue we note that Kentucky Civil Rule 4.04(1) requires personal service of a copy of the summons on each defendant or his authorized agent. Each of the plaintiffs acknowledges such service, but maintains that the summons failed to inform her of what she must do to protect her interests. One of the plaintiffs, who has a high school education, stated that she did not realize she was being sued when she was served. The other one stated that she noted that the date of service was more than 20 days after issuance of the summons and assumed it was already too late to defend. Both claimed to have valid defenses. Both eventually telephoned the attorney for the suing creditor, but neither contacted the justice or recorder of the court designated at the top of the summons. It is not claimed that no notice at all was given by the summons, see Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); or that the notice attempted was not reasonably calculated to reach the plaintiffs. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Rather, the infirmity in the Kentucky summons, as claimed by the plaintiffs, consists of a failure to inform them adequately of the nature of the proceedings against them and the requirements of presenting their defenses. Neither Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) nor Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956) is controlling. In both of these cases the Supreme Court based its decision on a finding that the party who caused process to be served knew that the person served, because of the particular facts of the case, would not in fact thereby have notice of the action. There is no claim that defendant I.F.P. Corporation knew of any reason why personal service on these plaintiffs would fail to give them notice of the proceedings against them.

The Supreme Court defined the quality of notice required by due process in Mullane v. Central Hanover Trust Co., *supra*, as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appear-

ance . . . . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. 339 U.S. at 314–315, 70 S.Ct. at 657. (Citations omitted).

■ The argument of plaintiffs boils down to a contention that the summons is uninformative and confusing. The United States Court of Appeals for the Sixth Circuit recently dealt with a similar contention in a different context in Palmer v. Columbia Gas of Ohio, Inc., 479 F.2d 153 (6th Cir. 1973). There a utility company's notice of termination made an ambiguous reference to "satisfactory arrangements" to guarantee continuation of service. We find no such ambiguity in the command of the Kentucky summons to "appear and defend" within 20 days after service. The consequences of failure to appear and defend are set forth in equally clear language. The reference to the plaintiff's attorney does not indicate that the person sued should contact the attorney. On the other hand, the court in which the action is pending is clearly stated at the very top, and the name of the clerk of the issuing court appears prominently at the end. The summons is not written in technical or obscure language, and we believe that a person served with such process receives reasonable and adequate notice that he has been sued, of the name of the person who is suing and the court where the action is pending. Furthermore, the command to "appear and defend" and the statement of the consequences of failure to do so satisfy the constitutional requirements of due process.

■ Plaintiffs also contend that they are denied due process and equal protection of the laws by the failure of Kentucky Civil Rule 4.04 to require that a copy of the complaint be served with a copy of the summons. If they found the summons confusing, it is unlikely that the complaint would answer their questions. The legal terminology employed in pleadings would certainly be less easily understood than the more familiar language of the summons. Since we deem the summons alone to give adequate notice to a civil defendant in Kentucky, the State's failure to require that those defendants who are served within Kentucky also receive a copy of the complaint does not deal with a fundamental right. Thus the State may classify defendants for this purpose if there is any conceivable rational basis for doing so. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

■ The courthouse where one may easily obtain a copy of the complaint may be deemed more accessible to one served within the State than to one served elsewhere. Furthermore, those served within the State are more likely to be residents of Kentucky than those served outside. As residents, they are more likely to possess, or have available to them, information on the procedure to be followed in obtaining a copy of the complaint. With respect to the requirement that a third party defendant receive a copy of the complaint, it is obvious that such a defendant joins the law suit at a later date than the original parties and is entitled to be made current. He is in a different position from those who were involved from the beginning. We find that there are real differences between the situation of the plaintiffs who were served with summonses in Kentucky as original defendants and those classes of people who are entitled under the rules to receive a copy of the complaint when served with a summons. Thus a rational basis for the classification exists. As the Supreme Court said in Tigner v. Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124 (1940):

> The equality at which the "equal protection" clause aims is not a disembodied equality. The Fourteenth Amendment enjoins "the equal protection of the laws," and laws are not abstract propositions. They do not relate to abstract units A, B and C, but are expressions of policy arising out of specific difficulties, ad-

dressed to the attainment of specific ends by the use of specific remedies. The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same. 310 U.S. at 147, 60 S.Ct. at 882.

We find no constitutional infirmity in the content, or the manner of serving, a civil summons as provided in the Kentucky Rules of Civil Procedure. Matters such as these are among the most basic legislative concerns of each state. Swarb v. Lennox, 405 U.S. 191, 202, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Absent a clear showing of constitutional deprivations resulting from the scheme adopted by the General Assembly or the Court of Appeals of Kentucky, acting pursuant to its delegated rule-making power, considerations of federalism and comity require this court to refrain from intruding or in any way interfering with the procedures of the courts of the Commonwealth of Kentucky.

It is therefore ordered that:

1. The motions of plaintiffs for leave to amend their complaints are granted.

2. The motion of plaintiffs for this case to proceed as a class action, as to both plaintiffs and defendants, is denied.

3. The temporary restraining order issued by a single judge of this court on January 2, 1974 is dissolved.

4. This action is dismissed with prejudice at the cost of the plaintiffs.

## APPENDIX

### OFFICIAL FORMS

### FORM 1.  SUMMONS

### FRANKLIN CIRCUIT COURT

CIVIL ACTION, FILE NUMBER ———

JOHN DOE, PLAINTIFF  
v.  
RICHARD ROE, DEFENDANT

SUMMONS  
THE COMMONWEALTH OF KENTUCKY  
TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to appear and defend this action within 20 days after service of this summons upon you, exclusive of the day of the service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

The name and address of the plaintiff's attorney is

_____

Clerk of the Franklin Circuit Court

DATED _____

(As amended by order of the Court of Appeals dated December 18, 1959, effective June 1, 1960.)