**William F. WILSON, Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant-Appellee.**

No. 76–1977.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 18, 1977.

Decided Sept. 15, 1978.

Dale M. Morris, Hodgenville, Ky., for plaintiff-appellant.

Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

This case involves the broad question of whether the Secretary of Agriculture can set rules of civil procedure for state courts in the trial of federal food stamp cases. Specifically, the issue involved here is whether the Secretary can require a state trial court sitting in a federal food stamp case to follow federal rules of civil procedure for the service of process.

This case arises from the United States' attempted removal to federal court of a food stamp suit originally brought in Kentucky state court. The federal removal statute, 28 U.S.C. § 1446 (1970), requires that the defendant file a removal petition in federal court "within thirty days" after receiving service of process. In food stamp cases, the Secretary has promulgated regulations requiring that all courts—federal and state—follow Rule 4 of the Federal Rules of Civil Procedure regarding service of process. The Government here did not file its removal petition until ten months after receiving service of process which was executed properly under Kentucky law but not in accordance with the requirements of Rule 4. Relying on the Secretary's regulation, the Government claims that service of process in this case was invalid and, therefore, that the 30-day limit in the federal removal statute never began to run. We reject this argument because it is premised on a regulation which the Secretary had no power to make, at least in the absence of explicit statutory authority. We thus find that the Government's removal petition came too late, filed as it was ten months after process was served in accordance with Kentucky rules of procedure. We therefore hold that the case was improperly removed and the district court was without jurisdiction to hear this suit, and we reverse and remand the case to the state court from which it was removed.

## STATEMENT OF THE CASE

Appellant, Wilson, owns a small food store in Kentucky and has been accused of illegally selling non-food items in exchange for food stamps. *See* The Food Stamp Act of 1964, 7 U.S.C. §§ 2011–26 (1976) (amended 1977). Following an administrative hearing, the Food and Nutrition Service (hereinafter "FNS"), an agency of the United States Department of Agriculture, ordered Wilson suspended for six months from participation in the food stamp program.

Having exhausted his administrative appeals, Wilson sought judicial relief under 7 U.S.C. § 2022 (current version at 7 U.S.C.A. § 2023 (1978)) which provided that a store owner suspended from the program by the FNS is entitled to "a trial de novo" in a United States District Court or any state court of "competent jurisdiction."[1] Alleging that he had been wrongly convicted, Wilson filed suit under § 2022 in the Circuit Court of LaRue County, Kentucky, naming as defendant the FNS regional office in Atlanta.[2]

In regard to service of process, § 2022 stated only that "[t]he copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary [of Agriculture] or such person or persons as he may designate to receive service of process." The Food Stamp Act therefore said nothing about service of process in state court, except that process should be served on the Secretary or his delegate. The Secretary of Agriculture, pursuant to § 2022 and his general regulatory powers under the Food Stamp Act (7 U.S.C. § 2013 (1976) (amended 1977)), issued a regulation requiring that whether a suit under the Act is brought in state or federal court, service of process in either case "shall be made in accordance with the Rules of Civil Procedure for the United States District Courts,"[3] which require in Rule 4(d)(4) that a summons and copy of the complaint be sent to the United States Attorney, the Attorney General, and to the federal agency whose actions are being challenged.

Wilson filed his complaint on January 11, 1974. The county court clerk served a summons and a copy of the complaint on the director of the FNS Atlanta office:

> R. Hicks Elmore
> Dir. Food Stamp Program
> 1100 Spring St.
> Atlanta, Ga. 30309

No other process was issued.

On January 23, regional counsel for the United States Department of Agriculture called the United States Attorney in the Western District of Kentucky to inform him that the FNS office in Atlanta had received Wilson's summons and complaint. The U. S. Attorney's office, which had not heard of the matter, asked that copies of the summons and complaint be mailed to Kentucky where the U. S. Attorney received them January 28.

On March 20, more than 60 days after the complaint was filed in state court, an Assistant United States Attorney in the Western Kentucky District wrote Wilson's lawyer:

> This office received via mail from our Atlanta, Ga., Regional Attorney a summons and complaint in the above-styled case. Please be advised that service must also be made by sending copies of process and complaint by REGISTERED or CERTIFIED MAIL to the Attorney General of the United States, Washington, D. C., pursuant to 28 U.S.C. § 2410(b). We have not yet been advised that such ser-

---

1. Section 2022 provided in pertinent part:
   If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States in the United States district court for the district in which he resides or is engaged in business, or in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon him, requesting the court to set aside such determination. The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as he may designate to receive service of process. The suit in the United States district

court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue.

2. The complaint, as well as Wilson's subsequent filings in this matter, improperly names the United States Department of Agriculture, Food and Nutrition Service, rather than the United States, as the defending party. The Government does not raise the issue here and alleges no prejudice because of Wilson's mistake. We attach no significance to the error and will treat the case as if it had been properly titled.

3. 7 C.F.R. § 273.10(b) (1977).

vice has been made. After service upon the Attorney General, the United States has sixty days to respond.

If this is not done, the United States has no other recourse but to move for dismissal.

After receiving this advice, Wilson's counsel mailed a copy of the summons and complaint to the following address:

George J. Long
U.S. Atty. Gen.
Washington, D. C.

Apparently, neither Long, who was then the U. S. Attorney for the Western District, nor the Attorney General ever received the letter.

On June 4, 1974, approximately five months after the complaint was filed in state court, the United States Attorney moved to dismiss the state court suit on the grounds that neither he nor the Attorney General had been properly served with process in accordance with Rule 4(d)(4) of the Federal Rules of Civil Procedure. At the same time, Wilson asked the state court to issue an injunction against the Food and Nutrition Service to prevent them from suspending him from the food stamp program. On June 8, the U. S. Attorney responded to the motion for an injunction by repeating that he had not been properly served.

On October 21, 1974 (ten months after the complaint was filed), before the state court had ruled on either party's motion, the United States Attorney filed a petition pursuant to 28 U.S.C. § 1441 to remove the case to the United States District Court for the Western District of Kentucky, sending copies of the petition both to Wilson and the state court. In accordance with § 1446(e) of the removal statute, the state court issued an order staying all further state proceedings in the case.

## THE REMOVAL ISSUE

The issue here is whether the Government filed the removal petition within the thirty day period set by statute. The removal statute provides, in part:

*The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.* 28 U.S.C. § 1446(b) (emphasis added).[4]

Thus, the statute requires that the removal petition be filed within thirty days after the government receives, through service of process or otherwise, a summons or copy of the complaint. But before we determine whether and at what time service was completed, we must first decide what rules of procedure govern service of process in this case.

The Food Stamp Act itself, which gives Wilson the right to bring this lawsuit, requires only that a copy of the summons and complaint be served upon the Secretary of Agriculture or his appointed delegate. Wilson has complied with this requirement by serving process upon Elmore, the director of the Atlanta FNS office, who is the Secretary's appointed delegate to receive service of process in suits brought under the Food Stamp Act.[5]

The Act does not require that Wilson also comply with the Federal Rules of Civil Procedure regarding service of process. It does give Wilson the right to bring his suit in state court, however; and, at least in the absence of explicit statutory authority, the Secretary of Agriculture has no power to prescribe rules of procedure governing service of process in state court. We, therefore, hold that the question

---

4. The second half of the statute was intended to apply to states like Kentucky in which, at the time this action arose, local rules of procedure concerning service of process did not require that a copy of the complaint be served on the defendant. 1A Moore's Federal Practice ¶ 0.168 [3.—5], at 469–70 n.7 (2d ed. 1948).

5. 7 C.F.R. § 273.10(b) (1977).

whether Wilson properly executed service of process on the defendant must be determined by Kentucky law, not the Federal Rules of Civil Procedure, or rules of procedure for state courts prescribed by the Secretary of Agriculture.

■ As Professor Hart wrote in 1954: The general rule, bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them.[6]

The traditional principle of federalism is that, as long as state rules of practice do not "impose unnecessary burdens upon rights of recovery authorized by federal laws," neither Congress nor the federal courts has the power to change them. *Brown v. Western Railway of Alabama*, 338 U.S. 294, 298, 70 S.Ct. 105, 108, 94 L.Ed. 100 (1949). No claim is made or could reasonably be made here that the Kentucky Rules of Civil Procedure governing service of process unnecessarily burden either Wilson or the United States Government.

Recently a three-judge panel sitting in the Western District of Kentucky considered the constitutionality of the Kentucky procedures for service of process in a civil suit. In an opinion by Judge Lively of this Court, the panel held:

We find no constitutional infirmity in the content, or the manner of serving, a civil summons as provided in the Kentucky Rules of Civil Procedure. *Matters such as these are among the most basic legislative concerns of each state.* Swarb v. Lennox, 405 U.S. 191, 202, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Absent a clear showing of constitutional deprivations resulting from the scheme adopted by the General Assembly or the Court of Appeals of Kentucky, acting pursuant to its delegated rule-making power, considerations of federalism and comity require this court

to refrain from intruding or in any way interfering with the procedures of the courts of the Commonwealth of Kentucky.[7]

■ It would no doubt be more convenient for the Departments of Justice and Agriculture to be served in a uniform manner in every lawsuit to which the United States is a party, but Congress, by permitting Wilson to bring his suit in state court, has determined that it is more important for the plaintiff to have the benefit of a local forum, if he chooses, than for the government to be able to rely on uniform rules of procedure.[8] We do not need to decide whether Congress could provide in the Food Stamp Act itself requirements governing the service of process in state court. Possibly, the imposition of some procedural rules might be regarded as necessary to protect the plaintiff's federal claim. Here, however, Congress has required only that the plaintiff serve the Secretary of Agriculture or his delegate and Wilson has done so. There is no reason to believe that the rules of service imposed by the Secretary are intended to protect substantive rights, and we do not interpret Congress' general delegation of rule-making authority to the Secretary (7 U.S.C. § 2013) as implicit authorization to depart from established principles of federalism by dictating to the Circuit Court of LaRue County what rules of procedure it must follow in trying Wilson's lawsuit.

■ This case therefore turns upon whether the Kentucky rules of civil procedure impose additional requirements regarding service of process beyond serving the defendant and FNS regional director in Atlanta. The United States Attorney argued in his initial brief and his supplemental brief only that service of process in the circuit court is governed by Rule 4(d)(4) of

---

6. Hart, *The Relations Between State and Federal Law*, 54 Colum.L.Rev. 489, 508 (1954).

7. *Owens v. I.F.P. Corporation*, 374 F.Supp. 1032, 1036 (W.D.Ky.), *aff'd mem.*, 419 U.S. 807, 95 S.Ct. 23, 42 L.Ed.2d 36 (1974) (emphasis added).

8. See the excellent discussion of this issue in P. Bator, P. Mishkin, D. Shapiro, & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 567–73 (2d ed. 1973).

the Federal Rules of Civil Procedure, which requires that a copy of the summons and complaint be served upon the United States Attorney and Attorney General. There is no such requirement in the Kentucky Civil Rules, and the Government has never contended otherwise in its discussion of the issue or challenged the adequacy of service under state rules.[9] Furthermore, there is nothing in the record before us or in any of the arguments of the parties to cause us to question the propriety of the execution of process on the defendant under state law. The records of the state court clerk's office show that a summons and complaint were served upon the Director of the FNS regional office, the same office which ordered Wilson suspended from the food stamp program and denied his administrative appeals. Upon receiving notice of the suit, the FNS notified its lawyer, the United States Attorney in Kentucky, who then had ample time to file a removal petition. By failing to do so for ten months, the Government forfeited its right of removal under 28 U.S.C. § 1441, a jurisdictional statute which must be strictly construed.[10] This case must therefore be returned for further proceedings to state court where it properly belongs.

---

9. The Government at tone point in the proceedings before the District Court did question the execution of service under state law, claiming only that service was improper because the United States Attorney had not been personally served but had received the summons and complaint by mail. Record on Appeal, document no. 9 at 3. Since Kentucky law apparently does not require that the United States Attorney be served with process, the Government's reliance on the requirement of personal service is misplaced.

10. *In re La Providencia Development Corp.*, 406 F.2d 251 (1st Cir. 1969); *Bradley v. Maryland Cas. Co.*, 382 F.2d 415 (8th Cir. 1967); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 869, 85 L.Ed. 1214 (1941).