9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale DELLINGER, Plaintiff-Appellant,
v.
ATLAS TECHNOLOGIES, INC., and Albert Austin, Defendants-Appellees.
 No. 92-2091.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1993.
 
 Before: KEITH, NELSON, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 This case is before the court on appeal of the district court's denial of the plaintiff's motion to remand the case to the state court. The plaintiff also appeals the district court's subsequent dismissal of his substantive claims on summary judgment.
 
 
 2
 We find that the district court was without jurisdiction to determine the plaintiff's claims. Accordingly, the district court's grant of summary judgment in favor of the defendants is vacated, and its denial of the plaintiff's motion to remand is reversed.
 
 I.
 
 3
 On January 16, 1991, plaintiff Dale Dellinger, an Illinois citizen, filed a complaint in Genesee County Circuit Court, Flint, Michigan, alleging a number of state law claims relating to his discharge from employment with defendant Atlas Technologies, Inc. Atlas is a Michigan corporation. On March 3, 1992, Atlas, along with defendant Albert Austin, removed the complaint to the federal district court, claiming diversity of citizenship as the basis for federal jurisdiction. Dellinger objected to the removal as untimely under 28 U.S.C. Sec. 1446(b), but the district court denied his motion to remand.
 
 
 4
 In moving for reconsideration, Dellinger directed the court's attention to 28 U.S.C. Sec. 1441(b), which provides that only cases involving a federal question are "removable without regard to the citizenship or residence of the parties." Id. When, as here, jurisdiction is based on diversity of citizenship, "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. (emphasis added). Because section 1441 is jurisdictional, the "right of removal ... must be strictly construed." Wilson v. United States Dep't of Agriculture, 584 F.2d 137, 142 (6th Cir.1978). The district court denied Dellinger's motion for reconsideration. Subsequently, the court awarded the defendants summary judgment on all of Dellinger's claims.
 
 
 5
 The Supreme Court has recognized that, for prudential reasons, where a removed case "is tried on the merits without objection ... the issue ... on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction had [the case] been filed in that court." Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972). This court has held that the Grubbs rule does not apply in cases where, as here, the plaintiff timely objected to removal and the district court's resolution of the case was by summary judgment, rather than by trial. Federal Nat'l Mortgage Ass'n v. LeCrone, 868 F.2d 190, 194-95 (6th Cir.), cert. denied, 493 U.S. 938 (1989).
 
 
 6
 Since Atlas Technologies, Inc. is a citizen of Michigan, the state in which Dellinger's action was brought, removal was improvident.
 
 II.
 
 7
 On appeal, Dellinger challenged the district court's denial of his motion to remand only on the timeliness issue. He did not raise the prohibition of section 1441(b), although he did raise it in the district court, on his motion for reconsideration of the removal issue. However, it is settled that a "federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower court[ ]....' " Greater Detroit Resource Recovery Auth. v. United States Environmental Protection Agency, 916 F.2d 317, 319 (6th Cir.1990) (citations omitted). Therefore, even if Dellinger had not challenged the defendants' removal, this court is obligated to raise the jurisdictional issue sua sponte. Federal Trade Comm'n v. Owens-Corning Fiberglas Corp., 853 F.2d 458, 464 (6th Cir.1988), cert. denied, 489 U.S. 1015 (1989).
 
 III.
 
 8
 The order of the district court granting summary judgment in the defendants' favor is VACATED, and the order denying the plaintiff's motion to remand the case to state court is REVERSED.