NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0394n.06

No. 16-1790

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GEORGE DERNIS; MARIA DERNIS,          )
                                       )
    Plaintiffs-Appellants,             )
                                       )
        v.                             )
                                       )
AMOS FINANCIAL, et al.,                )
                                       )        ON APPEAL FROM THE
    Defendants,                        )        UNITED STATES DISTRICT
                                       )        COURT FOR THE WESTERN
and                                    )        DISTRICT OF MICHIGAN
                                       )
PREMIER BANK; FEDERAL DEPOSIT          )
INSURANCE CORPORATION, as Receiver for )
Premier Bank,                          )
                                       )
    Defendants-Appellees.              )
                                       )
                                       )

FILED
Jul 03, 2017
DEBORAH S. HUNT, Clerk

BEFORE:  GIBBONS, COOK, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  On March 18, 2015, George and Maria Dernis sued several financial institutions and individual defendants in Michigan state court, asserting a variety of claims under state and federal law.  In May 2015, the Dernises amended their complaint to add the Federal Deposit Insurance Corporation (FDIC) as a defendant.  In January 2016, the FDIC unilaterally removed the case to federal court and filed a motion to dismiss for lack of jurisdiction, based on the Dernises' failure to exhaust their administrative remedies under 12 U.S.C. § 1821(d)(13)(D).  The Dernises moved to remand the case to state

court, arguing, among other things, that the FDIC's removal was untimely. They also opposed the motion to dismiss, contending that they were not required to exhaust administrative remedies before bringing their claims against the FDIC. The district court granted the FDIC's motion to dismiss, denied the motion to remand with respect to the FDIC as moot, and granted the motion to remand as to all other defendants. For the reasons stated below, we affirm.

I.

Premier Bank was a financial institution in Wilmette, Illinois. George and Maria Dernis pledged certain real estate to Premier as collateral for a series of commercial loans. In 2012, the Dernises sued Premier in Michigan state court, seeking to prevent Premier from foreclosing upon one of the Dernises' properties. While that lawsuit was pending, the Illinois Department of Financial and Professional Regulation closed Premier, and the FDIC was appointed as Premier's receiver. Upon its appointment as receiver, the FDIC substituted into the lawsuit and timely removed the suit to federal court. In January 2014, the district court granted the FDIC's motion for summary judgment, allowing the foreclosure to proceed. *Dernis v. FDIC*, No. 1:12-CV-1144, 2014 WL 12543871, at *1 (W.D. Mich. Jan. 21, 2014). Prior to completing the foreclosure, however, the FDIC sold the Premier loans and assigned the Dernises' mortgages to Amos Financial, LLC.

On March 18, 2015, the Dernises sued Amos, along with several other defendants, in Allegan County Circuit Court, seeking again to enjoin the foreclosure of their properties. On May 5, 2015, the Dernises amended their complaint to add the FDIC as a party. The amended complaint asserted various claims against the FDIC, including that it had engaged in fraudulent activity in violation of both state and federal law. The Dernises sought monetary, declaratory, and injunctive relief.

On July 17, 2015, a copy of the summons and complaint was personally served on Timothy E. Divis, the FDIC's regional counsel for its Chicago region. The FDIC did not appear in the state court proceedings and default was entered against it on August 27, 2015. Notice of the default was served, pursuant to Michigan law, on the FDIC the same day. The Dernises moved for judgment on November 16, 2015, and a hearing was scheduled for January 25, 2016. On January 25, 2016, prior to the hearing on the Dernises' motion, the FDIC unilaterally removed the case to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442.

The Dernises filed a motion to remand to state court on the grounds that the FDIC's removal was both untimely and otherwise improper. The FDIC opposed the motion and moved to dismiss the claims against it, arguing that the district court lacked jurisdiction because the Dernises had failed to exhaust their administrative remedies under 12 U.S.C. § 1821(d).

The district court granted the FDIC's motion to dismiss and denied the motion to remand with respect to the FDIC as moot. The district court first found that, because the Dernises had not served the FDIC in accordance with Federal Rule of Civil Procedure 4(i), the 30-day removal period under 28 U.S.C. § 1446(a) had never started, rendering the FDIC's removal timely as a matter of law. The court then held that it lacked jurisdiction over the Dernises' claims against the FDIC, finding that they were clearly encompassed by the exhaustion requirement in 12 U.S.C. § 1821(d)(13)(D). The court remanded the remaining claims against the non-FDIC defendants to state court. The Dernises timely appealed.

II.

We review *de novo* both the dismissal for lack of jurisdiction under Rule 12(b)(1) and the denial of a motion to remand. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012); *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).

III.

The FDIC removed this case to federal court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a). The Dernises do not dispute the FDIC's general authority to remove the case pursuant to either of these provisions. Instead, they challenge the FDIC's timeliness of removal under both statutes.

Section 1442(a),[1] in conjunction with § 1446(b), permits a federal agency to remove a civil action from state court to federal court "within 30 days after the receipt by [that agency], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). This 30-day removal period begins when the agency receives formal service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Whether the FDIC's removal of this case to federal court was timely under § 1442(a) thus turns on whether the Dernises' service of process on the FDIC's regional counsel on July 17, 2015, constituted effective service upon the FDIC for purposes of § 1446. If so, the 30-day removal period had expired by January 25, 2016,

---

[1] Section 1819(b)(2)(B) allows the FDIC to remove "any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." The parties disagree on when the 90-day removal period begins under this provision. The FDIC argues that the clock starts when it is formally served with process, reasoning that a literal interpretation of the statute would incentivize plaintiffs to delay and would undercut the statute's purpose, which is "to afford the FDIC every possibility of having a federal forum." *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 783 (11th Cir. 2005) (citation omitted). The Dernises argue for a textual reading of the statute, under which the 90-day period begins running when "the action, suit, or proceeding is *filed* against the [FDIC]." 12 U.S.C. § 1819(b)(2)(B) (emphasis added). We need not decide this issue. Even assuming that the FDIC's interpretation of § 1819(b)(2)(B) is correct, its removal would still be untimely if service was properly effectuated on July 17, 2015, as the Dernises allege.

and the FDIC's removal was untimely. If not, then the FDIC was never served, the 30-day removal period under § 1446 never commenced, and the removal was timely.

State rules of civil procedure, like those concerning service of process, apply in state court actions prior to removal to federal court. *See* Fed. R. Civ. P. 81(c)(1); *Wilson v. USDA*, 584 F.2d 137, 140–41 (6th Cir. 1978); *see also Henderson v. United States*, 517 U.S. 654, 656 (1996) (noting that the requirements for service of process are matters of procedure). This is true even where the defendant, as here, is a federal agency. *See Wilson*, 584 F.2d at 140–42; *see also Lang v. Soc. Sec. Admin.*, 612 F.3d 960, 966 (8th Cir. 2010).

In *Wilson*, the United States Department of Agriculture (USDA) was sued in Kentucky state court and its regional director was served in accordance with the Kentucky Rules of Civil Procedure. *Wilson*, 584 F.2d at 139. The USDA's organic statute provided that "[t]he copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary . . . or such person or persons as [the Secretary] may designate to receive service of process." *Id.* (quoting 7 U.S.C. § 2022 (1976) (current version at 7 U.S.C. § 2023(a)(14))). The Secretary of Agriculture, pursuant to this provision, had promulgated a regulation requiring that service of process "be made in accordance with the [Federal Rules]." *Id.* (quoting 7 C.F.R. § 273.10(b) (1977)). More than ten months after service was completed, the USDA removed the case to federal court, arguing that because the United States Attorney and Attorney General had not been served in accordance with Rule 4(i)—as required by the Secretary's regulation—the agency had never been formally served and the 30-day removal period under § 1446 had never begun. *Id.* at 138–40.

The *Wilson* court rejected the USDA's argument, holding that "at least in the absence of explicit statutory authority, the Secretary of Agriculture has no power to prescribe rules of

procedure governing service of process in state court," and that "as long as state rules of practice do not impose unnecessary burdens upon rights of recovery authorized by federal laws, neither Congress nor the federal courts has the power to change them." *Id.* at 140–41 (internal quotation marks and citation omitted). The court thus found that the plaintiff had complied with Kentucky's service-of-process rules in serving the USDA's regional director, making the USDA's removal untimely under § 1446. *Id.* at 142.

Like the statute in *Wilson*, the FDIC's organic statute provides that the FDIC "shall designate agents upon whom service of process may be made in any State, territory, or jurisdiction in which any insured depository institution is located." 12 U.S.C. § 1819(b)(3). And like the USDA, the FDIC has promulgated regulations pursuant to this authority mandating that service of process be made in accordance with the Federal Rules. 12 C.F.R. § 309.7(a).[2] Based on a straightforward reading of *Wilson*, it follows that the Dernises were not required to comply with Rule 4(i)'s service requirements when litigating in Michigan state court simply because the FDIC's regulation required such compliance.

Appearing to concede this point, the FDIC nonetheless argues that MCR 2.105(H)(1)—Michigan's service-of-process provision—required *de facto* compliance with Rule 4(i). Specifically, it argues that by requiring service on the "agent authorized by written appointment or by law to receive service of process," MCR 2.105(H)(1) implicitly incorporates 12 C.F.R. § 309.7(a) and, in turn, Rule 4(i). Under this interpretation of MCR 2.105(H)(1), no one person is "an agent authorized . . . by law to receive service of process." Instead, when read together, MCR 2.105(H)(1), 12 C.F.R. § 309.7(a), and Rule 4(i) required the Dernises to serve three individuals: the U.S. Attorney for the Northern District of Illinois, the U.S. Attorney General,

---

[2] It is unclear whether this provision has general applicability to all suits in which the FDIC is a named party or only to suits where the plaintiff seeks disclosure of "information maintained by the FDIC." 12 C.F.R. § 309.7(a). Because the Dernises do not contest the provision's applicability to this suit, we assume it applies here.

and the FDIC's designated agent for service of process. Because the Dernises failed to serve both the U.S. Attorney and the Attorney General, the FDIC argues that service was never properly effected upon it under Michigan's procedural rules.

We refuse to adopt such a strained interpretation of MCR 2.105(H)(1). On the FDIC's webpage titled "Agents for Service of Process," it lists "Timothy E. Divis" for the Chicago region, but does not list either the U.S. Attorney for the Northern District of Illinois or the U.S. Attorney General. DE 7-13, ID 518. Based on this guidance, the Dernises personally served Divis on July 17, 2015. Under a plain reading of MCR 2.105(H)(1), therefore, the Dernises properly served the "agent authorized by written appointment . . . to receive service of process" on that date. *See Tryc v. Mich. Veterans' Facility*, 545 N.W.2d 642, 646 (Mich. 1996) ("If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." (citation omitted)). Because the FDIC removed this case to federal court on January 25, 2016—more than thirty days after July 17—its removal was untimely under 28 U.S.C. § 1446. The district court erred in finding otherwise.

IV.

Although procedurally improper, the FDIC's untimely removal did not preclude the district court from exercising jurisdiction over the Dernises' claims against the FDIC. *See Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (noting that the 30-day removal period in § 1446(b) is only procedural and not jurisdictional). As the district court found, however, the Dernises' failure to exhaust their administrative remedies did deprive it of jurisdiction over those claims. And, importantly, it deprived the state court of jurisdiction, too.

Accordingly, because no court had jurisdiction over the Dernises' FDIC claims, we find that the district court properly dismissed those claims rather than remanding them to state court.

The Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) establishes an administrative-review process for certain claims made against a depository institution or the FDIC as receiver of such depository institution. *See* 12 U.S.C. § 1821(d)(3)–(13); *Vill. of Oakwood*, 539 F.3d at 384–86. Section 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> >
> > (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

Jurisdiction is "otherwise provided" after a claimant participates in FIRREA's administrative-claims process, the requirements of which have been summarized by this court:

> Upon its appointment as receiver, FDIC is required to publish notice that the failed institution's creditors must file claims with FDIC by a specified date not less than ninety days after the date of publication. 12 U.S.C. § 1821(d)(3)(B). FDIC is also required to mail notice to all known creditors of the failed institution. [12 U.S.C.] § 1821(d)(3)(C). It has 180 days from the date of filing to allow or disallow claims. [12 U.S.C.] § 1821(d)(5)(A)(i). Claimants have sixty days from the date of disallowance, or from the expiration of the 180-day administrative decision deadline, within which to seek judicial review in an appropriate United States district court. [12 U.S.C.] § 1821(d)(6)(A).

*Vill. of Oakwood*, 539 F.3d at 384–85 (alterations in original) (quoting *Simon v. FDIC*, 48 F.3d 53, 56 (1st Cir. 1995)). Thus, for the type of claims enumerated in § 1821(d)(13)(D), the "failure to comply with the claims process will remove jurisdiction." *Molosky v. Wash. Mut., Inc.*, 664 F.3d 109, 121 (6th Cir. 2011); *Vill. of Oakwood*, 539 F.3d at 386.

The Dernises concede that they did not exhaust their administrative remedies but nonetheless argue that exhaustion was not required under § 1821(d)(13)(D) because they were not "seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as a receiver." CA6 R. 25, at 26. True, but this ignores § 1821(d)(13)(D)(ii), which requires exhaustion of claims "relating to any act or omission of such [depository] institution or the [FDIC] as receiver[.]" The Dernises' claims against the FDIC, as set forth in their amended complaint, clearly relate to acts or omissions of the FDIC as receiver. And the fact that these claims relate to post-receivership conduct by the FDIC is irrelevant as § 1821(d)(13)(D)(ii) requires exhaustion of those claims, too. *See Vill. of Oakwood*, 539 F.3d at 387–88. Accordingly, because the Dernises' claims against the FDIC plainly fall within the ambit of § 1821(d)(13)(D)(ii), they were required to comply with the clearly delineated administrative-review procedure prior to filing suit. Their failure to do so deprived both the district court and the state court of jurisdiction over these claims.[3] *See* 12 U.S.C. § 1821(d)(13)(D) (stating that "no court shall have jurisdiction over" exhausted claims falling within its scope); *Molosky*, 664 F.3d at 121. Because a remand to the state court would thus be futile, the interests of judicial economy are best served by affirming the district court's dismissal of the Dernises' claims against the FDIC, notwithstanding its untimely removal.

V.

For the foregoing reasons, we affirm the district court's dismissal of the Dernises' claims against the FDIC. Because the FDIC's removal was untimely and the state court has jurisdiction

---

[3] The Dernises also argue that the FDIC failed to provide them with notice under § 1821(d)(3)(C), and that the administrative-claims process was therefore never triggered. But the Dernises failed to make this argument to the district court, thereby waiving it on appeal. *See Knall Beverage, Inc. v. Teamsters Local Union No. 293 Pension Plan*, 744 F.3d 419, 424 (6th Cir. 2014) (citation omitted).

over the Dernises' claims against the remaining defendants, we also affirm the district court's order remanding those claims.